

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                                          17-CR-80-FPG

AIDA RAMIREZ-ARELLANO,

        Defendant.

---

## PLEA AGREEMENT

The defendant, AIDA RAMIREZ-ARELLANO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to a 1 count Superseding Information which charges a violation of Title 8, United States Code, Section 1325(a)(1) (Improper entry by alien), for which the maximum possible sentence is a term of imprisonment of 6 months, a fine of $5,000, and a mandatory $10 special assessment. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

## II. ELEMENTS AND FACTUAL BASIS

2. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    a. The defendant was an alien at the time of the alleged offense; and

    b. The defendant unlawfully entered the United States at a time or place other than as designated by immigration officers.

## FACTUAL BASIS

3. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

    a. The defendant is a citizen of Mexico and is not a citizen of the United States.

    b. On or about October 18, 2016, United States Immigration and Customs Enforcement, Homeland Security Investigations ("HSI") apprehended the defendant during the execution of arrest and search warrants related to an alien harboring investigation in Buffalo, New York.

    c. On or about July 17, 2014, the defendant entered the United States at a place other than as designated by immigration officers.

## III. SENTENCING GUIDELINES

4. The defendant understands that the offense of conviction is a Class B Misdemeanor, and pursuant to Guidelines § 1B1.9, the sentencing guidelines are inapplicable.

5. The defendant understands that at sentencing, the defendant is subject to the maximum penalties set forth in Paragraph 1 of this agreement.

6. The defendant will not be entitled to withdraw her plea of guilty based upon the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

7. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. ALIEN STATUS

8. The defendant acknowledges that the defendant is not a citizen of the United States and that the defendant is on notice that the defendant's ability to enter, remain and/or reside in the United States is subject to the laws, regulations and associated policies of the Department of Homeland Security. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status will be determined by the Department of Homeland Security in a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status.

## VI.   GOVERNMENT RIGHTS AND RESERVATIONS

9. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

   d. modify its position with respect to any sentencing recommendation or sentencing factor including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

10. At sentencing, the government will move to dismiss the Indictment in this action.

11. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

12. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within the penalties set forth in Section I, ¶ 1, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

13. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

14. The government waives its right to appeal any component of a sentence imposed by the Court which falls within the penalties set forth in Section I, ¶ 1, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. **TOTAL AGREEMENT AND AFFIRMATIONS**

15. This plea agreement represents the total agreement between the defendant, **AIDA RAMIREZ-ARELLANO**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
JONATHAN P. CANTIL
Assistant United States Attorney

Dated: December 11, 2017

I have read this agreement, which consists of 7 pages. I have had a full opportunity to discuss this agreement with my attorney, Daniel P. Harris, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
AIDA RAMIREZ-ARELLANO
Defendant

Dated: December 11, 2017

_____
DANIEL P. HARRIS, ESQ.
Attorney for the Defendant

Dated: December 11, 2017

I, _Raida Pimiento_, hereby affirm under penalty of perjury that I am a Spanish Interpreter and that I have carefully and fully translated the entire plea agreement (set forth above) to the defendant, AIDA RAMIREZ-ARELLANO; further that the defendant has indicated to me that the defendant understands the terms of this plea agreement and that by signing this agreement, the defendant agrees to all of its terms and conditions; the defendant has further specifically acknowledged to me that the defendant is signing the agreement voluntarily and after full consultation with the defendant's attorney, Daniel P. Harris, Esq.

DATED: December 11th, 2017.

_____
Interpreter